IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JACK T. CHASTAIN, JR., #21173-045, | ) Civil Action No. 5:10-2453-TLW-JRM |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| SOUTH CAROLINA HI-WAY PATROL; AND CPL. LIGDON, | ) |
| Defendants. | ) |

Plaintiff filed this action on September 20, 2010.[1] He appears to have brought this action pursuant to 42 U.S.C. § 1983 ("§ 1983") for alleged violations of his constitutional rights stemming from a traffic stop. Plaintiff may also be asserting claims under South Carolina law. He is currently incarcerated at the United States Penitentiary in Leavenworth, Kansas pursuant to his federal criminal convictions.[2] In his answer to interrogatories from the Court, Plaintiff provides that his former residence was in Missouri and he intends to return to Missouri after his period of incarceration ends. See Doc. 8 (Answer to Court Interrogatories). Defendants are the South Carolina Highway Patrol ("SCHP") and C. P. Logdon ("Logdon"),[3] a Sergeant employed by the South Carolina Department

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02 (B)(2)(d) and (e) DSC. Because these are dispositive motions, the report and recommendation is entered for review by the court.

[2] See Criminal Action Number 2:08-cr-1155-SB (DSC).

[3] Plaintiff has misspelled this Defendant's name as "Ligdon." The correct spelling is Logdon. See Logdon Aff. (Attachment to Defendants' Motion for Summary Judgment).

of Public Safety with the SCHP. On March 4, 2011, Defendants filed a motion for summary judgment. Because Plaintiff is proceeding pro se, he was advised on March 7, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion for summary judgment with additional evidence or counter-affidavits could result in the dismissal of his complaint. Plaintiff filed a response on April 4, 2011. He filed a second response on August 29, 2011, along with his own motion for summary judgment.

## STANDARD FOR SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). The moving party "bears the initial burden of pointing to the absence of a genuine issue of material fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). If the moving party carries this burden, "the burden then shifts to the non-moving party to

come forward with facts sufficient to create a triable issue of fact." Id. at 718-19 (citing Anderson, 477 U.S. at 247-48).

**FACTS IN THE LIGHT MOST FAVORABLE TO PLAINTIFF**

On September 18, 2008, Plaintiff was driving his truck in Orangeburg County, South Carolina with a female passenger. A traffic stop was initiated by Defendant Logdon.[4] A search revealed a hidden compartment (auxiliary fuel tank) which contained thirty sealed bags of money, totaling $1,407,290.00. The money was seized. Logdon said to Plaintiff that he would "hate to be in [Plaintiff's] place when they know you don't have that money." Plaintiff and the female passenger were not arrested, and they drove back to Kansas City, Missouri in Plaintiff's truck.

Plaintiff contacted his "Sources." "The sources kept calling the SCHP and they said they had no money so the Cartel thought [Plaintiff] took the money." Plaintiff agreed to turn himself over to the Cartel to prevent his family from being harmed. He went to Juarez, Mexico with one of his Cartel Sources and approximately five men burned Plaintiff's feet and leg with a torch and cut off his left index finger. After laying in bed for approximately three weeks, Plaintiff returned to Kansas City, Missouri and three days later authorities took him to the Truman Medical Center where he received medical care including surgeries for his condition. See Complaint at 4-6.

**DISCUSSION**

Plaintiff alleges that Defendants, by their actions and inactions, violated his Fourth, Fifth, and Eighth Amendment rights. Specifically, he appears to allege that his due process rights were violated

---

[4] Plaintiff implies that the search was not done properly. He, however, does not appear to assert a claim for an illegal search. Additionally, he has never claimed that the seized currency belonged to him. Further, to the extent that he is attacking the sentences he is currently serving, his claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994), as he has not shown that his convictions or sentences were invalidated.

3

because Logdon did not arrest him and did not seize his truck at the time Logdon conducted the traffic stop. He claims that the SCHP violated his rights by not letting the public know that the money was seized for two weeks. Plaintiff requests monetary damages.

Defendants contend that their motion for summary judgment should be granted because: (1) Plaintiff fails to show that there is a constitutional right to be arrested; (2) Plaintiff fails to show that there is a requirement under either federal or state law which required seizure of his truck; (3) Plaintiff fails to show a Fourth Amendment violation as he has not asserted that he was subjected to an unreasonable search or seizure; (4) Plaintiff fails to show a Fifth Amendment due process violation as to the seizure of money as he never asserts that the currency was his; (5) Plaintiff fails to show that Defendants had a duty to protect him from harm by others under the Fifth or Fourteenth Amendment; and (6) the Eighth Amendment has no application to the facts of this case.[5]

In his first response in opposition to summary judgment, Plaintiff argues that Defendant Logdon "lied" because he did not include in his affidavit that he was working under instructions from the Drug Enforcement Agency ("DEA") and did not state that an electronic tracking device was placed on Plaintiff's trunk.[6] In his second response and motion for summary judgment, Plaintiff

---

[5]The Eighth Amendment is only applicable after the State has secured a formal adjudication of guilt against the person invoking the same. See Ingraham v. Wright, 430 U.S. 651, 671 & n. 40 (1977)(holding that Eighth Amendment was inapplicable to the administration of disciplinary corporal punishment to students by public school teachers or administrators, noting that Eighth Amendment scrutiny was appropriate only after the State complied with the constitutional guarantees traditionally associated with criminal prosecutions); City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 243-244 (1983)(noting that the Eighth Amendment's proscription of cruel and unusual punishments is violated by deliberate indifference to the serious medical needs of prisoners, but Eighth Amendment scrutiny is appropriate only after the state has secured a formal adjudication of guilt).

[6]There is no indication that these facts are material to any of Plaintiff's claimed causes of
(continued...)

claims that the defense "has not proven Cpl L[o]gdon did not lie and that he was involved in a conspiracy to commit harm to the Plaintiff...." Plaintiff appears to claim that the DEA told him that it was a "grave mistake" for Logdon to let Plaintiff go. He claims that Logdon conspired[7] to commit harm to Plaintiff by releasing him after confiscating the currency and giving Plaintiff back his vehicle.

    1.     Due Process

Plaintiff alleges that "the release of [a] person obvious[ly] guilty of a federal crime is denial of due process." He also alleges that his constitutional rights were violated because his truck was returned to him. Plaintiff appears to claim that Defendants, by failing to arrest him or take his truck, failed to protect him from harm. Defendants contend that there is no constitutional entitlement to arrest, Plaintiff fails to show any requirement that federal or state law required Defendants to seize the truck, and Plaintiff fails to show that Defendants had a duty to protect him from violence from a private party.

---

[6](...continued)
action. Further, for purposes of summary judgment, the facts are taken in the light most favorable to Plaintiff.

[7]Even if a conspiracy claim is properly before the court (Plaintiff did not allege conspiracy in his complaint), he fails to establish such a claim. To establish a civil conspiracy under § 1983, a plaintiff must present evidence that the defendants acted jointly in concert and that some overt act was done in furtherance of the conspiracy, which resulted in deprivation of a constitutional right. Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996). A plaintiff must come forward with specific evidence that each member of the alleged conspiracy shared the same conspiratorial objective. Id. To survive a summary judgment motion, a plaintiff's evidence must reasonably lead to the inference that the defendants came to a mutual understanding to try to "accomplish a common and unlawful plan." Id. A plaintiff's allegation must amount to more than "rank speculation and conjecture," especially when the actions are capable of innocent interpretation. Id. at 422. The plaintiff must show that the defendants possessed an intent to commit an unlawful objective. Id. Here, Plaintiff has not identified any Defendant with whom Logdon allegedly conspired and he has presented nothing other than his own speculation that there was a conspiracy.

Plaintiff fails to show that his due process rights were violated based on Defendants' failure to arrest him on the date of the traffic stop. There is no constitutional right to be arrested. See Sweat v. Arkansas, 469 U.S. 1172 (U.S. 1985); Hoffa v. U.S., 385 U.S. 293 (1966); United States v. DiBiasi, 712 F.2d 785, 795 (2nd Cir. 1983)("[T]here is no support for [defendant's] novel suggestion that he was constitutionally entitled to an arrest the moment there was probable cause for arrest."). As noted by the United States Supreme Court:

> The police are not required to guess at their peril the precise moment at which they have probable cause to arrest a suspect, risking a violation of the Fourth Amendment if they act too soon, and a violation of the Sixth Amendment if they wait too long. Law enforcement officers are under no constitutional duty to call a halt to a criminal investigation the moment they have the minimum evidence to establish probable cause, a quantum of evidence which may fall far short of the amount necessary to support a criminal conviction.

Hoffa, 385 U.S. at 795.

Plaintiff also has not pointed to any requirement under either federal or state law that would require Defendants to seize his truck. Plaintiff has not identified any applicable statutes and those identified by Defendants do not contain a requirement that law enforcement agents were required to seize Plaintiff's truck. See, e.g., 21 U.S.C. §§ 881, et seq.; S.C. Code. Ann. §§ 44-53-520, et seq.

Plaintiff also fails to show that his due process rights were violated by any failure of Defendants to protect him from the harm that befell him in Mexico subsequent to the traffic stop in South Carolina. Generally, "a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 197 (1989). Exceptions to this include: (1) a situation where the state has a special relationship with an individual to protect the individual from harm inflicted by third

parties or (2) where the state itself created the danger to which the individual is exposed. Id. at 200-201.

Plaintiff, who was not in custody at the time he was injured, fails to show any special relationship such as the relationship which might be claimed by a prisoner or detainee. Further, there is no indication that Defendants created the danger. Plaintiff appears to allege that Defendants created a danger by seizing the cash and not publicizing the seizure. He, however, has never asserted that the currency seized was his. Logdon states that both Plaintiff and his female passenger denied even knowing that the currency was hidden in the auxiliary fuel tank. See Logdon Aff., Para. 3. Further, there is nothing to show that Defendants created the danger by the "Sources" or "Cartel."

Further, to the extent that Plaintiff is attempting to assert a claim for negligence under § 1983, his claim fails. Negligence, in general, is not actionable under 42 U.S.C. § 1983 or Bivens. See Daniels v. Williams, 474 U.S. 327, 238-36 & n. 3 (1986); Ruefly v. Landon, 825 F.2d 792, 798-94 (4th Cir. 1987); Pink v. Lester, 52 F.3d 73, 78 (4th Cir. 1995). Furthermore, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. DeShaney v. Winnebago Dep't. of Social Services, 489 U.S. 189, 200-03 (1989).

  2.  Equal Protection

Plaintiff alleges that his "right of equal protection by law was denied." Complaint at 9. An equal protection claim arises when, without adequate justification, similarly-situated persons are treated differently by a governmental entity. U.S. Const. amend XIV. "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, (4th Cir. 2001). When the

distinction is based on a "suspect classification" or effects the denial of a fundamental right, the constitutional scrutiny sharpens in focus to determine whether the classification is narrowly tailored to serve a compelling governmental interest." See Plyler v. Doe, 457 U.S. 202, 216-17 (1982). When a plaintiff is not a member of a suspect class he must prove that the distinction between himself and other inmates was not reasonably related to some legitimate penological purpose. See Turner v. Safley, 482 U.S. 78, 89 (1987). Here, Plaintiff has not asserted that he is a member of a suspect class. Further, he has not shown that he was treated differently than similarly-situated persons.

      3.     State Law Claim

It is unclear whether Plaintiff has asserted a negligence claim under South Carolina law. Defendants have not specifically addressed such a claim. It is recommended, however, that any state law claim for negligence be dismissed sua sponte.

In a negligence action under South Carolina law, a plaintiff must show that: (1) the defendant owes a duty of care to the plaintiff, (2) the defendant breached the duty by a negligent act or omission, (3) defendant's breach was the actual and proximate cause of the plaintiff's injury, and (4) the plaintiff suffered an injury or damages. McKnight v. South Carolina Dep't of Corrs., 684 S.E.2d 566, 571 (S.C. 2009). Here, Plaintiff fails to assert any duty of care owed to him by Defendants under South Carolina law. Further, he has presented nothing to show that any breach of duty was the actual and proximate cause of his injuries.

## **CONCLUSION**

Based on review of the record, it is recommended that Defendants' motion for summary judgment (Doc. 20) be **granted**, Plaintiff's motion for summary judgment (Doc. 32) be **denied**, and any claim for negligence under South Carolina law be **dismissed** sua sponte.

Joseph R. McCrorey
United States Magistrate Judge

January 24, 2012
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice**.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).